UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM NATHANIEL WASHINGTON,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 1:19-cv-01556-AWI-JLT (PC)

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING ACTION WITHOUT PREJUDICE**

(Docs. 2, 6, 7)

Plaintiff William Nathaniel Washington is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. section 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Local Rule 302.

On November 7, 2019, the assigned magistrate judge issued findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), because Plaintiff has three "strikes" under 28 U.S.C. section 1915(g) and fails to show that he is in imminent danger of serious physical injury.[1] (Doc. 6.) In finding that Plaintiff has three strikes, the magistrate judge took judicial notice of three of Plaintiff's prior cases that were dismissed on the grounds that they were frivolous, malicious, and/or failed to state a claim: (1) *Washington v. City of Los Angeles, et al.*, No. 2:14-cv-09375-VAP-PJW (C.D. Cal.) (dismissed on August 6, 2015, as frivolous, malicious, or for failure to state a claim); (2) *Washington v. Diamond*, No. 2:18-cv-05883-VAP-PJW (C.D. Cal.) (dismissed on July 18, 2018, for failure to state a claim); and (3) *Washington v. Lewis*, No. 2:16-cv-03041-JAM-EFB (E.D. Cal.) (dismissed on October 24, 2018, for failure to state a claim). (Doc. 6 at 2.)

---

[1] Plaintiff filed a second motion to proceed *in forma pauperis* (IFP) on November 14, 2019. (Doc. 7.) This motion is identical to Plaintiff's prior IFP motion, (Doc. 2), except that it includes Plaintiff's inmate trust account statement.

Plaintiff filed objections on December 11, 2019. (Doc. 10.) In his objections, Plaintiff states that the Ninth Circuit held in *Washington v. Los Angeles Cty. Sheriff's Dep't*, No. 13-56647, that *Washington v. City of Los Angeles, et al.*, *supra*, does not count as strike under section 1915(g), and thus the magistrate judge erred in counting it as a strike. (Doc. 10 at 2-3.) However, Plaintiff confuses *Washington v. City of Los Angeles, et al.*, No. 2:12-cv-07429-UA-PJW ("*Washington I*"), with *Washington v. City of Los Angeles, et al.*, No. 2:14-cv-09375-VAP-PJW ("*Washington II*"). The Ninth Circuit held that, because the district court dismissed *Washington I* under *Younger v. Harris*, 401 U.S. 37 (1971), the dismissal did not trigger a strike. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057-58 (9th Cir. 2016). However, the district court did not dismiss *Washington II* pursuant to *Younger*. (*Compare Washington II*, Doc. 11, *with Washington I*, Doc. 2.) Because the court dismissed *Washington II* on the grounds that it was "[f]rivolous, malicious, or fail[ed] to state a claim," (*see Washington II*, Doc. 11), the dismissal counts as a strike.

In accordance with the provisions of 28 U.S.C. section 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, the Court ORDERS:

1.     The findings and recommendations issued on November 7, 2019, (Doc. 6) are ADOPTED in full;

2.     Plaintiff's motions to proceed *in forma pauperis*, (Docs. 2, 7), are DENIED; and,

3.     This action is DISMISSED without prejudice to refiling upon prepayment of the filing fee.

IT IS SO ORDERED.

Dated:   January 17, 2020                    _____

SENIOR  DISTRICT  JUDGE